## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**CALVIN A. TUCKER-EL,**

       Petitioner,

    v.                             **CIVIL ACTION NO.  2:17cv385**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

       Respondent.

### <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Petitioner Calvin A. Tucker-El's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 5. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2012, following a bench trial before the Honorable Joseph E. Spruill, Jr., in the Circuit Court for Lancaster County, Virginia ("Trial Court"), Petitioner was found guilty of rape, object sexual penetration, burglary, and possession of burglary tools arising from an attack on an 89 year old woman in her home that occurred on or about January 19, 2011.  Because prosecution of the case necessitated the introduction of DNA evidence, the Lancaster County Commonwealth's Attorney, Robert L. Cunningham, was assisted by Henrico County Assistant Commonwealth's Attorney, Toni Randall.  By judgment of conviction entered on or about August 20, 2012, the Trial Court sentenced Petitioner to a total sentence of 190 years of incarceration, with 115 years suspended.  ECF No. 8, attach. 1.  The instant Petition challenges the proceedings that led to this conviction and sentence, and the state courts' later affirmations of the same.

Following his sentencing, Petitioner timely appealed his conviction and sentence to the Court of Appeals of Virginia, raising the following two issues: (1) the Trial Court erred in denying Petitioner's Motion to Vacate its Order appointing a special prosecutor because the prosecution's motions requesting the appointment were not in writing as required by Rule 3A:9[1]; and (2) the Trial Court erred in denying Petitioner's Motion to Vacate its Order appointing a special prosecutor because the Trial Court entered such Order of appointment without providing Petitioner notice and opportunity to be heard as required by the Due Process Clause of the United States and Virginia Constitutions.  ECF No. 8, attach, 2.  By unpublished opinion dated July 2, 2013, the Court of Appeals of Virginia rejected both of these allegations of error and affirmed

---

[1] Virginia Supreme Court Rule 3A:9(b)(3) provides that "[a]ny motion made before trial shall be in writing if made in a circuit court, unless the court for good cause shown permits an oral motion.  A motion shall state with particularity the ground or grounds on which it is based." Va. Sup. Ct. R. 3A:9(b)(3).

2

Petitioner's convictions. ECF No. 8, attach. 2. Petitioner raised the same issues to the Supreme Court of Virginia, which refused his appeal on December 4, 2013. On March 7, 2014, the Supreme Court of Virginia similarly refused Petitioner's request for a rehearing. ECF No. 8, attach. 3.

On May 27, 2016, Petitioner filed a *pro se* petition for a writ of habeas corpus in the Trial Court. The Trial Court interpreted this state habeas corpus petition as raising the following five claims:

    a.    The trial court erred in appointing a special prosecutor when it refused to require the Commonwealth Attorney to file notification of his inability to act or attend to his official duties

    b.    The trial court erred when it misapplied Supreme Court Rule 3A:9(b)(3) when appointing a special prosecutor.

    c.    The trial court erred when it refused to allow trial counsel, Brent Jackson, to withdraw from representing the petitioner.

    d.    The Court of Appeals erred when it misapplied *Frye v. Commonwealth*, 231 Va. 370 (1986), to affirm the conviction.

    e.    The Supreme Court of Virginia erred in refusing to state in writing its reasons to "reverse or affirm" the conviction.

    f.    The trial court erred when it held the petitioner to the "administrative and judicial process and adjudication of its tribunal." The trial court lacked jurisdiction because the petitioner never consented to be bound and governed by the laws of the Commonwealth.

ECF No. 8, attach, 4 at 2. The Trial Court rejected all five of Petitioner's state habeas claims, finding, as an initial matter, that the state habeas petition was untimely since it was filed on May 27, 2016, over a year late. *See* ECF No. 8, attach. 4 at 2-3 ("Virginia Code § 8.01-654(A)(2) provides that a habeas petition must be filed 'within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.' Final judgment was entered in [Petitioner's] case on August 20, 2012. His direct appeal concluded on March 7, 2014.

3

Therefore, [Petitioner] had until March 7, 2015 to file his habeas corpus petition."). The Trial Court also found that claims (a), (b), and (d) were not cognizable under habeas corpus because they were raised and decided at trial and on direct appeal, thus rendering such claims procedurally defaulted. *See* ECF No. 8, attach. 4 (citing *Henry v. Warden*, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003) (holding that an issue raised and decided at trial and on direct appeal cannot be considered in habeas corpus)). Regarding claims (c), (e), and (f), the Trial Court found that such claims could have been raised either at trial or on direct appeal, and were not. Therefore, such claims were procedurally defaulted under the rule established by *Slayton*. ECF No. 8, attach, 4 at 3 (citing *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) (holding that an issue that could have been raised at trial or on direct appeal, but was not, is procedurally defaulted and cannot be considered as a ground for habeas corpus relief)). Additionally, the Trial Court noted that the argument asserted in claim (f), namely, that Petitioner never consented to be governed by the laws of the Commonwealth and therefore the Trial Court lacked jurisdiction over him, amounted to "'frequently heard, 'sovereign citizen' claims, which are wholly frivolous.'" ECF No. 8, attach, 4 at 3 n.1 (quoting *Akbar v. Clarke*, No. 1:15CV338 (AJT/TCB), 2016 WL 4150456, at *7 (E.D. Va. Aug. 1, 2016)). Petitioner did not appeal the Trial Court's denial of his state habeas petition to the Supreme Court of Virginia. ECF No. 8 at 3.

Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief, ECF No. 1, on July 21, 2017, raising essentially the same claims as he did in his state habeas petition. Specifically, Petitioner raised the following five grounds for federal habeas relief: (1) the Lancaster County Commonwealth's Attorney was required to file notification of his inability to attend to his official duties, when the Trial Court issued an Order appointing a Special

4

Prosecutor, the Trial Court did not obtain the Special Prosecutor's consent or the Lancaster County Commonwealth Attorney's reasoning for such a request; (2) the Trial Court erred when it misapplied Supreme Court Rule 3:A9(b)(3) by failing and refusing to require the Lancaster County Commonwealth's Attorney to file a written motion for appointment of a Special Prosecutor; (3) the Trial Court erred when it failed and/or refused to allow Petitioner's counsel, Brent Jackson ("Trial Counsel") to withdraw as counsel for Petitioner; (4) the Court of Appeals of Virginia erred when it affirmed Petitioner's convictions by relying upon a ruling not relevant or applicable to Petitioner's case; and (5) the Supreme Court of Virginia erred when it failed and refused to  articulate in writing its reasons to affirm or reverse Petitioner's convictions as required by Va. Const. Art. VI § 6. ECF No. 1 at 3-13. *See also* ECF No. 8 at 3.

On September 25, 2017, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and a *Roseboro* Notice. ECF Nos. 5-8. Petitioner filed a Response in Opposition on November 13, 2017. ECF No. 13. Therefore, the instant Petition and Motion to Dismiss are ripe and ready for recommended disposition.

## II.  DISCUSSION

### A. Timeliness

As a threshold matter, Respondent argues that the instant Petition is not timely. ECF No. 8 at 3. The undersigned agrees.

#### 1. Statute of Limitations under the AEDPA

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV.A. 2:09-00041, 2010 WL 1286891

(S.D.W. Va. Mar. 26, 2010).  As Respondent notes, this case is governed by the limitation period

set forth in the AEDPA.  ECF No. 8 at 3.  The applicable section of the AEDPA provides, in

pertinent part, that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of -
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by
>> State action in violation of the Constitution or law of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court and made retroactively applicable to
>> cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.

28 U.S.C. § 2244(d)(1).    Section 2244(d)(2) of the AEDPA further provides that "[t]he time

during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Therefore, Section 2254 petitions

such as the instant Petition are subject to a one-year statute of limitations and must be dismissed

if they are filed later than one year after the expiration of the time to seek direct review of the

highest state court's decision by the Supreme Court of the United States.  *See* 28 U.S.C. §

2244(d)(1)(A).

      2.  <u>The Petition is untimely</u>.

      In the instant matter, the Trial Court's Judgment of Conviction was entered on August 20,

2012.  ECF No. 8, attach. 1.  Petitioner timely appealed the Trial Court's Order, and direct

appeal concluded on March 7, 2014.  ECF No. 8, attach. 4 at 2.  Petitioner had ninety days in

6

which to petition the Supreme Court of the United States for a writ of certiorari, which he did not. ECF No. 8 at 3. Therefore, Petitioner's convictions and sentence became final on June 5, 2014, which is the date that his time for challenging the Supreme Court of Virginia's decision (by seeking a petition for certiorari to the Supreme Court of the United States) expired. *See* U.S. Sup. Ct. R. 13(1) (petitions for Supreme Court review are timely filed within ninety days of the entry of judgment by a state court of last resort); *see also Holland v. Florida*, 560 U.S. 631, 661 (2010) (Scalia, J., dissenting) ("In an ordinary case, the clock starts when the state-court judgment becomes final on direct review." (citing 28 U.S.C. § 2244(d)(1)(A)).[2] Applying the one year AEDPA deadline, Petitioner's statute of limitations for filing a petition for federal habeas corpus relief expired on June 5, 2015. The instant Petition was signed on July 6, 2017, which is 1127 days (or 3 years, 1 month, 1 day) after the time for filing a federal habeas petition began to run on June 5, 2014, and consequently, 762 days (or 2 years, 1 month, 1 day) beyond the 365 day (one year) deadline provided by the AEDPA.[3] Unless Petitioner is entitled to application of either statutory tolling or equitable tolling, the untimeliness of the Petition bars this Court's review of the same.

---

[2] Petitioner does not allege facts on which his federal filing period could be calculated under any other subsection of § 2244(d) than subsection (d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (the one year limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

[3] Although the Petition was received by the United States District Court for the Eastern District of Virginia in the Richmond Division on July 14 2017, and not filed until July 21, 2017, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), appeal dismissed, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

### 3. Petitioner is not entitled to statutory tolling.

As explained in Part II.A.1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) are unavailable to Petitioner because the untimely filing of his state habeas petition on May 27, 2016 means that such state petition was not "properly filed" within the one year AEDPA statute of limitations. In *Artuz v. Bennett*, the Supreme Court announced the definition of "properly filed," stating that:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations omitted). As the Fourth Circuit has explained, "[i]n *Artuz*, the Supreme Court held that time limits on state petitions are 'condition[s] to filing,' and that an untimely petition would not be deemed 'properly filed.'" *Escalante v. Watson*, 488 F. App'x 694, 697 (4th Cir. 2012) (quoting *Artuz*, 531 U.S. at 11). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (explaining that when determining whether a pleading filed in state court was "properly filed" for purposes of a federal time limit, state law typically governs). Thus, "just because [an] application is pending, does not mean that it was properly filed. For example, if an application is erroneously accepted by the clerk without the requisite filing fee, it will be pending, but not properly filed." *Escalante v. Watson*, 488 F.

App'x 694, 697–98 (4th Cir. 2012) (quoting *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va.), *cert. of appealability denied*, 47 F. App'x 200 (4th Cir. 2001) (unpublished) ("[W]e deny a certificate of appealability and dismiss the appeal on the reasoning of the district court.")). *See also Dunnivan v. Brown*, No. 7:11CV00279, 2012 WL 830956, at *3 (W.D. Va. Mar. 7, 2012) ("A state *habeas* petition that was not timely filed under applicable state court procedural rules is not 'properly filed' under § 2244(d)(2), however, and cannot toll the federal *habeas* filing period.") (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).

Here, direct review of Petitioner's case concluded on June 5, 2014, thus triggering the AEDPA's one year statute of limitations. Petitioner's state habeas petition was filed on May 27, 2016, which was not within the one year AEDPA period that commenced on June 5, 2014. Consequently, it was not "properly filed" for the purposes of tolling the AEDPA's one year statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)). *See also* ECF No. 8, attach. 4 at 2-3 (Trial Court finding the state habeas petition to be untimely). Having determined that statutory tolling is unavailable to Petitioner, the undersigned considers Petitioner's final refuge: equitable tolling.

### 4. Petitioner is not entitled to equitable tolling.

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid v. Clarke*, No.

9

1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner acknowledges that the Petition is untimely and requests "equitable tolling due to circumstances beyond his control while housed at Wallens Ridge State Prison." ECF No. 1 at 14. Specifically, Petitioner contends that

> During his incarceration at [Wallens Ridge State Prison], [P]etitioner submitted his state petition which was returned by the court to Wallens Ridge, however, [P]etitioner was transferred to the current institution and Wallens Ridge did not forward per policy. When [P]etitioner arrived at this institution, he was informed by the court to resubmit the petition and it would be filed however, when the petition was filed, it was deemed untimely. The [P]etitioner is prepared to argue his position and presented evidence supporting a request for equitable tolling.

ECF No. 1 at 14-15. Notably, Petitioner does not attempt to provide any estimation of these pertinent dates in support of his request for the extraordinary relief of equitable tolling. *See* ECF No. 1, *passim*. In response, Respondent argues that Petitioner has failed to demonstrate an extraordinary circumstance prevented him from filing his Section 2254 Petition on time. ECF No. 8 at 5. In support of this contention, Respondent submits Petitioner's Virginia Department of Corrections Transfer Information. *See* ECF No. 8, attach. 5. This record demonstrates that Petitioner was housed at Wallens Ridge from July 9, 2013 until September 16, 2015. ECF No. 8, attach. 5. As previously observed, Petitioner's deadline for filing a federal habeas petition

10

expired on June 5, 2015, over three months prior to his transfer from Wallens Ridge to his current institution.   Regarding his state habeas petition, the deadline for filing such expired on March 7, 2015, over six months prior to his transfer from Wallens Ridge in September 2015. ECF No. 8, attach. 5.   Thus, the timeline alleged by Petitioner in support of his request for equitable tolling does not appear to comport with his unrefuted transfer/commitment history. Additionally, as Respondent notes, " '[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not qualify as extraordinary circumstances.'"   ECF No. 8 at 5-6 (quoting *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002))).

Although the Supreme Court has made clear that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 634 (2010) (citing 28 U.S.C. § 2244(d)), on this record, the undersigned finds that Petitioner fails to establish that such tolling should be applied to excuse his delayed filing of the instant Petition.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to be applied only in rare circumstances. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Ultimately, Petitioner has failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*,

775 F.3d 180, 187 (4th Cir. 2014). Accordingly, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

Although the undersigned's determination that the Petition was not timely filed provides sufficient grounds to grant the Motion to Dismiss, the undersigned will also address Respondent's alternative basis for dismissal of the Petition, namely, whether Petitioner's procedural default of his claims operates as a bar to review of the same on federal habeas review.

## B. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and whether Petitioner has procedurally defaulted on his claims.

### 1. Exhaustion

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as

12

those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Virginia Dep't of Corr.*, No. 1:14CV1581 (GBL/TCB), 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), appeal dismissed, 669 F. App'x 160 (4th Cir. 2016) (citing Duncan v. Henry, 513 U.S. 364 (1995)).

### 2. Procedural Default

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). *See also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion

13

doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). *See also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's

efforts to comply with the State's procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). *See also Davila v. Davis*, 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017) ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), cert. denied, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

      3. Petitioner's claims are effectively exhausted and procedurally defaulted.

Here, as Respondent concedes, Claims 1 and 2 are exhausted because they were presented to and denied by the Supreme Court of Virginia on direct review. ECF No. 8 at 7. Claims 3, 4, and 5 were presented for the first time to the Trial Court in the state habeas petition, however, Petitioner did not appeal the Trial Court's denial of state habeas relief to the Supreme Court of Virginia. Thus, Petitioner failed to formally exhaust his state remedies as to the claims raised in the instant federal Petition and the time for doing so has expired. *See* Va. Code. Ann. § 8.01-654(A)(2). *But see Masika v. Chesapeake Circuit Court*, No. 3:16CV1006, 2018 WL 1079575, at *4 & n.5 (E.D. Va. Feb. 27, 2018) ("Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is 'technically met.'") (quoting *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray*

*v. Netherland*, 518 U.S. 152, 161–62 (1996))).  Therefore, in this procedural posture, Claims 3, 4, and 5 are simultaneously exhausted and procedurally defaulted.  *See* ECF No. 8 at 9.  As explained further herein, such a conclusion renders this Court unable to engage in federal habeas review regarding the merits of Petitioner's claims.

In the Fourth Circuit, it is well-established that "Virginia Code § 8.01–654(A)(2) constitutes an adequate and independent state-law procedural rule."  *Baker v. Clarke*, 95 F. Supp. 3d 913, 917 (E.D. Va. 2015) (explaining that "a state procedural rule is 'adequate' if it is 'regularly or consistently applied by the state court,' and is 'independent' if its application does not depend on the federal Constitution") (citing *Williams v. French*, 146 F.3d 203, 209 (4th Cir. 1998)) (internal citations omitted).  It is equally well-established that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule."  *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009)).  Accordingly, the untimeliness of Petitioner's state habeas petition significantly constrains the scope of federal habeas review,

> as it is well settled that where, as here, a state court finds that a claim is procedurally defaulted based on an adequate and independent state-law ground, the claim may not be reviewed on the merits by a federal habeas court, "unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'"

*Baker v. Clarke*, 95 F. Supp. 3d 913, 917 (E.D. Va. 2015) (quoting *Harris v. Reed*, 489 U.S. 255, 262 (1989) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986)); *Williams v. French*, 146 F.3d 203, 208–09 (4th Cir. 1998)) (internal citations omitted).  Therefore, like the timeliness determination discussed in Part II.A, *supra*, Petitioner's salvation would lie, if at all, in whether

he is "able to overcome [this] procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Savino v. Murray,* 82 F.3d 593, 602 (4th Cir. 1996)).[4]

    4. <u>Petitioner cannot overcome procedural default of his claims.</u>

    As noted in the preceding discussion, this Court may only consider the merits of Petitioner's procedurally defaulted claims (Claims 3, 4, and 5) if he can show cause and prejudice for the default, or that a fundamental miscarriage of justice would occur. In response to Respondent's argument that Petitioner's claims are procedurally defaulted, Petitioner made no attempt to demonstrate any of these factors to overcome the procedural default of Claims 3, 4, and 5.[5] This Court may not review claims which have been procedurally defaulted in state court. *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *1 (E.D. Va. Mar. 30, 2010) (finding a claim was "procedurally defaulted in the Supreme Court of Virginia because [it was] raised and

---

[4] To be sure, whether Petitioner is entitled to equitable tolling of the AEDPA statute of limitations and whether Petitioner is entitled to equitable tolling to excuse the state law procedural default of his claims are two different inquiries. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (Alito, J., concurring) (explaining that *Coleman v. Thompson,* 501 U.S. 722 (1991) "was 'a case about federalism,' . . . in that it asked whether *federal* courts may excuse a petitioner's failure to comply with a *state court's* procedural rules, notwithstanding the state court's determination that its own rules had been violated. Equitable tolling, by contrast, asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law") (citing *Coleman v. Thompson,* 501 U.S. 722, 726, 752–53 (1991); *Lawrence v. Florida*, 549 U.S. 327, 341 (2007) (Ginsburg, J., dissenting)) (internal citations omitted) (italics in original).

[5] For example, "[a] petitioner may avail himself of the 'fundamental miscarriage of justice' exception to the procedural default bar by proffering new, reliable evidence sufficient to support a claim of actual innocence." *Jefferson v. Clarke*, No. 2:16CV572, 2017 WL 3223935, at *9 (E.D. Va. July 5, 2017), *report and recommendation adopted*, No. 2:16CV572, 2017 WL 3222539 (E.D. Va. July 28, 2017), *appeal dismissed*, 707 F. App'x 145 (4th Cir. 2017) (citing *Schlup v. Delo*, 513 U.S. 298, 314-15, 324 (1995); *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.")). It is clear that Petitioner does not qualify for a "miscarriage of justice" exception such as actual innocence since Petitioner has made no effort to assert that he was wrongfully convicted. Notably, Petitioner contends that the appointment of a Special Prosecutor to introduce DNA evidence was improper, but does not challenge the probative value or veracity of the DNA evidence

rejected on procedural grounds at trial and on direct appeal. . . . Thus, since Petitioner's claims were procedurally defaulted in state court, they are likewise defaulted for the purposes of federal habeas review") (citing *Henry v. Warden*, 265 Va. 246, 576 S.E.2d 495, 496 (Va. 2003); *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975); *Coleman v. Thompson*, 501 U.S. 722, 748 (1991)) (internal citations omitted). The undersigned **FINDS** that this procedural default is an adequate and independent state law ground for refusing habeas corpus relief. *See Beaver v. Thompson*, 93 F.3d 1186, 1194 (4th Cir. 1996) (citing *Coleman v. Thompson,* 501 U.S. 722, 729–30 (1991)).

Accordingly, the undersigned **FINDS** that notwithstanding the untimeliness of the Petition, Claims 3, 4, and 5 as raised in this Petition are also procedurally barred from federal review, thereby establishing a second basis for **RECOMMENDING** that Respondent's Motion to Dismiss be **GRANTED**.

## C. Petitioner's remaining claims lack merit.

Regarding the remaining claims, even if the Petition did not suffer from the aforementioned infirmities of untimeliness and procedural default, Petitioner is not entitled to federal habeas relief because Claims 1 and 2 lack merit, for essentially the same reasons.

### 1.  Claims 1 and 2

The gravamen of Claims 1 and 2 is Petitioner's contention that the appointment of a Special Prosecutor by the Trial Court denied Petitioner due process. Specifically, in Claim 1 Petitioner argues that the Lancaster County Commonwealth's Attorney was required to file notification of his inability to attend to his official duties, and when the Trial Court issued an Order appointing a Special Prosecutor, the Trial Court did not obtain the Special Prosecutor's consent or the Lancaster County Commonwealth Attorney's reasoning for such a request. ECF

No. 1 at 3-5. In Claim 2, Petitioner argues that's the Trial Court erred when it misapplied Supreme Court Rule 3:A9(b)(3) by failing and refusing to require the Lancaster County Commonwealth's Attorney to file a written motion for appointment of a Special Prosecutor. ECF No. 1 at 6-7. For the following reasons, neither Claim 1 nor Claim 2 is sufficient to afford Petitioner habeas relief.

It is well-established that Supreme Court of Virginia Rule 3:A9(b)(3) requires that "[a]ny motion made before trial shall be in writing if made in a circuit court, unless the court for good cause shown permits an oral motion." As the Court of Appeals of Virginia observed when denying this claim on direct appeal, "[t]he manifest purpose of the rule is to provide notice to the parties so that no one is surprised or prejudiced. Similarly, procedural due process, where applicable, entitles one to 'reasonable notice' and an 'an opportunity to be heard.'" ECF No. 8, attach. 2 at 2 (citing *McManama v. Plunk*, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995); *Klimko v. Va. Emp. Comm'n*, 216 Va. 750, 757, 222 S.E.2d 559, 565 (1976)). Relying on *Frye v. Commonwealth*, the Court of Appeals of Virginia found that "no written motion was required and no process was due because the Commonwealth's Attorney did not need judicial approval to employ a special assistant prosecutor." ECF No. 8 at 2 (citing *Frye v. Commonwealth*, 231 Va. 370, 380–81, 345 S.E.2d 267, 275 (1986) ("The Commonwealth's attorney is authorized to employ his own assistants, and no court approval is required. . . . As the court's order was unnecessary, no prejudice resulted to Frye from its *ex parte* entry.") (citing Code § 15.1–9).[6] The pertinent details surrounding the Defense Motion to Disqualify the Assistant Commonwealth's Attorney in *Frye* are as follows:

---

[6] Va. Code Ann. Section 15.1-9 is now codified at Va. Code Ann. § 15.2-1632, which provides in pertinent part, that "[e]very county and city may, with the approval of the Compensation Board, provide for employing such additional assistant or assistants to the attorney for the Commonwealth as in the opinion of the governing body may be required. Such assistant or assistants shall be appointed by the attorney for the Commonwealth."

Less than one week before trial, the court entered an *ex parte* order appointing Michael McHale Collins assistant Commonwealth's attorney in the case. Collins took the required oath of office two days prior to trial. On the opening day of trial, Frye challenged the appointment of Collins and moved that he be disqualified. He objected to the *ex parte* nature of the order, stating that he had received notice of Collins's appointment less than two days before. He further argued that the appointment was improper, alleging that Collins's participation would create a conflict of interest for the prosecution and a hardship for the defense.

During oral argument on Frye's motion, the court stated for the record that, at the time of trial, Collins was a law partner of the Commonwealth's attorney in his civil practice. Collins had formerly been the Commonwealth's attorney for Alleghany County and had also served as assistant Commonwealth's attorney. The Commonwealth's attorney represented to the court that Collins was assistant Commonwealth's attorney at the time of this offense and for the three months following; in that capacity, he had participated in the proceedings at the time of Frye's arraignment, preliminary hearing, and waiver of indictment.

The trial court remarked that it had been clear to the court and to defense counsel that Collins had been participating in the case from its inception. Apologizing for the *ex parte* nature of its order, the court explained that the order was entered as an administrative matter to reflect for the record Collins's participation in the case.

On the issue of Collins's conflict of interest, defense counsel stated for the record that Collins was a director of the State Bank of the Alleghenies, where the widow of Sergeant Biggs was employed as administrative assistant. Collins represented that his involvement had nothing to do with his association with the bank or its employment of Mrs. Biggs; rather, it was the result and continuation of his prior employment as an assistant Commonwealth's attorney. He denied any employment in the case by anyone other than Alleghany County. The trial court ruled there was no conflict of interest and denied Frye's motion to disqualify Collins.

*Frye v. Commonwealth*, 231 Va. 370, 379–80, 345 S.E.2d 267, 275 (1986). *See also Cantrell v. Commonwealth*, 229 Va. 387, 329 S.E.2d 22 (1985) (reversing the conviction of a defendant prosecuted by an attorney who was privately employed by the victim's family). Thus, because

20

the Trial Court was not required to appoint the Special Prosecutor under the operative statute, this ground affords Petitioner no habeas relief. Ultimately, the Court of Appeals of Virginia concluded that even assuming *arguendo*, that the Commonwealth's Attorney needed judicial approval to appoint a Special Prosecutor to assist in Petitioner's prosecution, Petitioner suffered no prejudice because the ex parte Order of Appointment entered by the Trial Court provided Petitioner with notice of the appointment in advance of the trial, and Petitioner was given the opportunity to move to vacate the Order of Appointment, and permitted an opportunity for oral argument on the same. ECF No. 8, attach. 2 at 5. More importantly, as the Court of Appeals of Virginia opined, "to the extent [Petitioner] speculates that the DNA evidence would not have been admitted but for the special prosecutor's assistance at trial, this consideration simply is not relevant. No principle of law provides a defendant with the right to have an incompetent prosecutor." ECF No. 8, attach. 2 at 4. Accordingly, the Court of Appeals of Virginia found that the Trial Court did not run afoul of *Chapman v. California* because even assuming "that entry of the order of appointment without prior notice to [Petitioner] constituted a violation of his procedural due proess rights, any error was 'harmless beyond a reasonable doubt.'" ECF No. 8, attach. 2 at 3 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

This decision of the Court of Appeals of Virginia is neither unreasonable nor contrary to existing federal law. *See Williams v. Taylor*, 529 U.S. 362, 404-06 (2000) (explaining that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning such that a federal habeas court may issue the writ under the "contrary to" clause if the State court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts). *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002)

("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In sum, the undersigned **FINDS** that in addition to being untimely and procedurally defaulted, Petitioner's substantive Claims 1 and 2 lack merit.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. OUTSTANDING MOTIONS

Petitioner also filed two non-dispositive Motions that are ripe for resolution. The first is a Motion for Extension of Time to File a Response/Reply to the Motion to Dismiss, ECF No. 11, filed by Petitioner on November 6, 2017. Therein, Petitioner sought an extension of time to file his Response in Opposition to Respondent's Motion to Dismiss. The Motion to Dismiss was filed on September 25, 2017. ECF No. 5. Petitioner sought a previous extension by written motion on October 12, 2017, ECF No. 9, which was granted by the Court on October 26, 2017, ECF No. 10. Therein, Petitioner was directed to file his Response in Opposition, and to include a Certificate of Service, by no later than November 9, 2017. ECF No. 10. On November 6, 2017, prior to the expiration of the extended deadline, Petitioner filed a second Motion for Extension, ECF No. 11, before filing his Response in Opposition, ECF No. 13, on November 13,

2017. For good cause shown, and in the absence of any opposition thereto from the Respondent, Petitioner's Second Motion for Extension (ECF No. 11) is **GRANTED**, and Petitioner's Opposition (ECF No. 13) is deemed timely filed.

On November 13, 2017, Petitioner also filed a Motion for Discovery. ECF No. 12. Rule 6(a) of the Rules Governing 28 U.S.C. § 2254 provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Cherrix v. True*, 177 F. Supp. 2d 485, 491 (E.D. Va. 2001) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (quoting Rule 6(a))). "Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) (citations omitted). Because the undersigned **FINDS** that Petitioner has not established good cause for the undersigned to exercise its discretion to permit discovery, Petitioner's Motion for Discovery (ECF No. 12) is **DENIED**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 2, 2018